FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2018

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01654-MSK-MJW

SAUNDERS-VELEZ
      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
TRAVIS TRANI, in his official capacity as Director of Prisons,
MIKE ROMERO, in his official capacity as Colorado Territorial Correctional Facility Warden,
Rick Raemisch, in his official capacity as Executive Director of Colorado Department of Corrections,
Ryan Long, in his official capacity as Denver Reception and Diagnostic Center Warden,
Kellie Wasko, in her official capacity as Deputy Executive Director of Colorado Department of Corrections,
Denver Reception and Diagnostic Center (DRDC), and
Colorado Territorial Correctional Facility (CTCF)

      Defendant.

## MEMORANDUM

Plaintiff file this memorandum as an update to all parties. On or about December 9th, 2017 plaintiff was sexual assaulted by an offender. Plaintiff is now challenging Colorado Department of Corrections "CDOC" Policies due to placing plaintiff who has the physical appearance of women in the male offender population yet she is incarcerated with male offenders without any meaningful precaution to the obvious risk of sexual assault stemming from being unprotected from the countless male offenders she is housed with. Plaintiff was classified as a level III inmate with 27 points, which resulted in her having a primary placement recommendation for incarceration at Colorado Territorial Correctional Facility "CTCF". CTCF has a higher concentrations of transgender offenders, and such offenders are relatively safer at CTCF than at other state prisons in Colorado. Many The court held that there was a special relationship between a jailer and a prisoner giving rise to a duty of care to protect the prisoner from foreseeable harm inflicted by a third party. It was manifestly foreseeable that an inmate might be at risk of harm. Research on sexual abuse in correctional facilities consistently documents the vulnerability of men and women with non-heterosexual orientations and transgender individuals. Reports and studies published by government entities such as the Bureau of Justice Statistics and the National Institute of Corrections which "have . . . noted publicly that LGBT prisoners are particularly vulnerable to sexual abuse while incarcerated." Plaintiff has file request after request for a total of three request to be moved to a female prison in line with the Prison Rape Elimination Act of 2003 "PREA" which state " in deciding whether to assign a transgender or intersex inmate to a faclility for male or female inmates, and in making other housing and programming assignments, the agency shall consider on a case-by-case basis whether a placement would ensure the inmate's health and safety, and whether the placement would present management or security problems" SEE 28 C.F.R § 115.342(c) and "Transgender and intersex inmate's own view with respect to his or her own safety

shall be given serious consideration." SEE 28 C.F.R § 115.342(f). The PREA act also states that prison may not just place a transgender or intersex inmate in a sex segregated prison just based on their genital. Plaintiff was prisoner of the Colorado Division of Youth Corrections "DYC" now known as the Division of Youth Services before being transferred to CDOC. Plaintiff was housed with female, Searched by female staff and treated as a female as plaintiff is. DYC is also required to follow PREA and plaintiff filed an lawsuit due to DYC was not following PREA, that lawsuit was settled which in that settlement DYC was require to provide hormone replacement treatment, house plaintiff with females, searched by female and just to be treated as an female that why the DYC has policy 13.9.

On or about January 9th, 2018 the Colorado Territorial Correctional Facility had it annual facility wide shake-down (facility wide searches) which is searches of the housing units, any area were an offender can be and search of the offender's persons. Searches of the offender required the plaintiff to strip in front of a male offender even after the plaintiff stated that she did not feel safe doing such with a male officer and would like a female officer. Plaintiff is not claiming that the CDOC does not have the right to search her, she is rising the issues of who gets to search her. In Shaw v. District of Columbia, 944 F. Supp. 2d 43, 55-57 (D.D.C. 2013) "transgender women in prison had constitutional right not to be strip-searched by male prison staff". Being strip-searched by male staff subject's plaintiff to humiliation and causes psychological pain. The PREA Resource Center identifies three options for conducting searches of transgender and intersex individuals that would comply with PREA: 1) searches conducted only by medical staff; 2) searches conducted by female staff only, especially given there is no prohibition on the pat-searches female staff can perform (except in juvenile facilities); and 3) asking inmates/residents to identify the gender of staff with whom they would feel most comfortable conducting the search SEE PREA Resource Center, "Frequently Asked Questions," http://www.prearesourcecenter.org/faq#n1069 (lasted visited November 18, 2016) As a result of being housed in a male prison plaintiff suffered, and continued to suffer, severe emotional distress that has caused severe depression and anxiety.

On December 26, 2017 the office of the Attorney General filed an motion for Extension of Time with this court, the office of the Attorney General sent that motion to plaintiff post marked on January 2, 2018 after the motion was ruled on which did not allow the plaintiff to file any objection to the that motion which the plaintiff would have filed an objection to the extension of time as ground less to this case. Plaintiff hereby rises the issues that the best interest of justice is not being served by the office of the Attorney General not conferring with plaintiff before filing a motion just because plaintiff is an unrepresented prisoner. By not conferring and sending late motions to plaintiff how is plaintiff able to successfully litigate this matter? This Court should order the office of the Attorney General to confer with plaintiff even by U.S mail before filing a motion and the court should appoint counsel to plaintiff.

In Conclusion the Plaintiff this Court accepts this Memorandum into the court record. Plaintiff intends to file a Complaint and Motion for Preliminary Injunction on some of the aboving stated issues after attempt to confer with the office of the Attorney General.

/s/ Lindsay Alexandria Saunders-Velez
Plaintiff

Dated 1/16/18 in Canon City, Colorado

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-01654-MSK-MJW

**SAUNDERS-VELEZ**
    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
TRAVIS TRANI, in his official capacity as Director of Prisons,
MIKE ROMERO, in his official capacity as Colorado Territorial Correctional Facility Warden,
Rick Raemisch, in his official capacity as Executive Director of Colorado Department of Corrections,
Ryan Long, in his official capacity as Denver Reception and Diagnostic Center Warden,
Kellie Wasko, in her official capacity as Deputy Executive Director of Colorado Department of Corrections,
Denver Reception and Diagnostic Center (DRDC), and
Colorado Territorial Correctional Facility (CTCF)

    Defendant.

## Certificate of Services

I certify that I have mailed a copy of the memorandum to the named individuals below, the following memorandum filed 01/16/2018 on: Travis Trani, Mike Romero, Rick Raemisch, Ryan Long, Kellie Wasko, the U.S. District Court for the District of Colorado, and the inmate Case Manger of Lindsay Alexandria Saunders-Velez on January 16, 2018.

Travis Trani, Mike Romero, Rick Raemisch, Ryan Long, Kellie Wasko
C/o Adrienne Jacobson
Colorado Department of Corrections
Office of Legal Services
1250 Academy Loop
Colorado Springs, Colorado 80910

Travis Trani, Mike Romero, Rick Raemisch, Ryan Long, Kellie Wasko
C/o Christopher Wayne Alber, Sr. Assistant Attorney General & Counsels of Record
Colorado Department of Law
Corrections & Public Safety Unit
1300 Broadway, 10th Floor
Denver, Colorado 80203

Travis Trani, Mike Romero, Rick Raemisch, Ryan Long, Kellie Wasko
C/o James Quinn, Chief of the Corrections & Public Safety Unit
Colorado Department of Law
Corrections & Public Safety Unit
1300 Broadway, 10th Floor
Denver, Colorado 80203
**COURTESY COPY**

The Colorado Division of Youth Corrections "DYC" now known as the Division of Youth Services
***due to statements made regarding your client***
C/o Jessica Perrill Sr. Assistant Attorney General or Ted McCombs Assistant Attorney General
Colorado Department of Law
Human Services Section
1300 Broadway, 10th Floor
Denver, Colorado 80203
**COURTESY COPY**

U.S. District Court for the District of Colorado
901- 19th Street Room A105
Denver, Colorado 80294

The inmate Case Manger of Lindsay Alexandria Saunders-Velez
C/o Major Ed Caley or D. Robinson
Colorado Department of Corrections
Colorado Territorial Correctional Facility
Office of Case Management
**HAND DELIVERED**
**COURTESY COPY**

                                              Original Signature
                                              /s/ Lindsay Alexandria Saunders-Velez
                                                                        Plaintiff
                                              Lindsay Alexandria Saunders-Velez #93810
                                                                     DOC# 176407
                                                                     P.O. Box 1010
                                              Canon City, Colorado 81215-1010

Dated: 1/16/18 in Canon City, Colorado

Register No. 44168-041
Unit 2-R-8
Box N. 1010
City, Sugarloaf, CO 81055

Logan

U.S District Court
c/o: Clerk of the Court
901 19th St. A-105
Denver, CO 80294




01/17/2018
US POSTAGE

