IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-01654-MSK-MJW

LINDSAY ALEXANDRIA SAUNDERS-VELEZ, a/k/a Elias Alexander Saunders-Velez

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
TRAVIS TRANI,
MIKE ROMERO,
RICK RAEMISCH,
RYAN LONG,
KELLIE WASKO,
DENVER RECEPTION & DIAGNOSTIC CENTER, and
COLORADO TERRITORIAL CORRECTIONAL FACILITY,

    Defendants.

---

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING

---

**THIS MATTER** comes before the Court pursuant to Ms. Saunders-Velez's Emergency *Ex Parte* Request for Temporary Restraining Order (**# 38**).[1]

### FACTS

Ms. Saunders-Velez is a transgender inmate in the custody of the Colorado Department of Corrections ("CDOC"). She commenced this action *pro se*,[2] alleging violations of 42 U.S.C.

---

[1] The Motion was filed under a Level 3 Restriction under D.C. Colo. L. Civ. R. 7.2. Although that restriction is appropriate for proceedings that are *ex parte* in the sense that only the filer and the Court should have access to them, this motion is filed *ex parte* in the sense that Ms. Saunders-Velez requests that the Court take action on it before hearing from the Defendants in opposition. In such circumstances, the Court perceives of no justification for any level of restricted access to the motion under Local Rule 7.2, and thus directs the Clerk of the Court to lift the restriction on Docket # 38.

1

§ 1983, implicating her rights under the Fourth and Eighth Amendment to the U.S. Constitution. She contends, among other things, that the Defendants have not provided her with adequate medical treatment for her gender identity disorder (*e.g.* by refusing to address her with female pronouns, by denying her access to appropriate clothing and commissary items consistent with her gender identity, etc.) and that the Defendants require her to undergo physical searches conducted by male prison officials despite the fact that "she does not feel safe" in such circumstances.[3]

April 20, 2018, Ms. Saunders-Velez, through counsel, filed the instant Motion for Temporary Restraining Order. The animating event recited in that motion is the fact that Ms. Saunders-Velez has been convicted of a disciplinary offense and sentenced to a 30-day assignment to "Cell House 3's punishment pod." Ms. Saunders-Velez alleges that, during a previous housing assignment to Cell House 3 (although apparently not the "punishment pod"), she was subjected to instances in which fellow inmates would remove a "privacy screen" that she was authorized to put up when using her cell's bathroom facilities, causing her to be exposed to the view of other inmates. Ms. Saunders-Velez also makes general allegations that "throughout her incarceration with CDOC" – a period encompassing at least three different housing assignments at two different prison facilities -- she has been "repeatedly threatened with sexual

---

[2] Because Ms. Saunders-Velez's Amended Complaint (**# 5**) was drafted *pro se*, and her current counsel has only entered an appearance recently, the Court construes that pleading liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

[3] Arguably, Ms. Saunders-Velez's Amended Complaint also contains a claim for violation of Equal Protection under the 14th Amendment, in that she alleges that "Female offenders assigned to the sex at birth cannot be placed in restrictive housing, removed from population, or have their phone right taken away" but "Intersex or transgender females do not get the same treatment as females assigned to the sex at birth." Whether the Court treats this claim as extant or not does not affect the analysis herein.

2

assault and/or the request for sexual favors" and was "sexually assaulted by a male inmate" on an occasion in December 2017.[4] The motion expresses concern about Ms. Saunders-Velez's assignment to the "punishment pod," noting that it "has very little supervision by prison staff" and that Ms. Saunders-Velez believes that there are as many as four inmates currently assigned to that pod that have "threatened her with sexual assault and/or requested sexual favors from her" in the past. Ms. Saunders-Velez has expressed to her counsel a "genuine fear that she would be subjected to sexual violence if placed in Cell House 3" and her counsel expresses a concern because, on at least one occasion in the past, Ms. Saunders-Velez has resorted to self-harm in order to effectuate a transfer from a housing assignment she considered unsafe.

Notably, although Ms. Saunders-Velez initially appears to have intended to seek relief <u>preventing</u> her transfer to the punishment pod, her motion notes that, by the time it was drafted, that transfer had already occurred. Thus, her Prayer for Relief requests that the Court "prohibit CDOC from holding Ms. Saunders-Velez in the punishment pod at Cell House 3."

## ANALYSIS

### A. Standard of review

To obtain an *ex parte* temporary restraining order, Ms. Saunders-Velez must first comply with Fed. R. Civ. P. 65(b)(1). That rule requires her to: (i) demonstrate, via affidavit or verified complaint, facts that show that she will suffer irreparable harm before the defendants can be heard in opposition, Rule 65(b)(1)(A); and (ii) certify in writing any efforts that the she has made

---

[4] The instant motion states that the circumstances of this assault are "detailed in her Amended Complaint." In actuality, the event was referenced in a "Memorandum" (**# 25**) filed by Ms. Saunders-Velez. The Memorandum states only that "On or about December 9, 2017, plaintiff was sexually assaulted by an offender," and does not elaborate. The Memorandum goes on to suggest that Ms. Saunders-Velez would eventually move to amend her complaint to "challeng[e CDOC] policies" that place transgender female inmates alongside male inmates, although, at present, she has not moved for leave to make such an amendment.

to give the defendant notice of the motion and the reasons why such notice should not be required, Rule 65(b)(1)(B).

In addition, Ms. Saunders-Velez must also make a sufficient showing as to the traditional elements for provisional injunctive relief: (i) that there is an imminent and irreparable harm that she will suffer if the injunction is not granted; (ii) a substantial likelihood that she will prevail on the merits of her claims; (iii) the balance of the equities favors the granting of the request; and (iv) that the injunction would not be contrary to the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Moreover, where the injunction being requested is mandatory in nature – as it is here, insofar as Ms. Saunders- Velez seeks an injunction that would disrupt the current status quo and require CDOC to transfer her to another housing assignment – the factors are "closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" and require a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *O Centro Espirita Beneficienty Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975-76 (10th Cir. 2004).

**B. Merits**

The Court will put aside the procedural requirements of Rule 65(b)(1) for the moment, mindful that counsel for Ms. Saunders-Velez has only recently appeared during the pertinent events, leaving little time for preparation of supporting affidavits.

Nevertheless, the Court finds that Ms. Sanders-Velez has not made a showing of either an imminent and irreparable injury, nor a likelihood of success on the merits of her claims, that would warrant issuance of a temporary restraining order. Turning first to success on the merits, the Court notes that, at present, Ms. Saunders-Velez's Amended Complaint asserts claims

4

challenging the sufficiency of the therapeutic treatment she is receiving for her gender dysphoria and her obligation to submit to searches conducted by male prison officials. Even assuming she achieves complete success on these claims, the remedies available to her are fairly narrow and none would require CDOC to modify her housing assignment in any way.[5] A preliminary injunction is a means of providing a party with provisional relief that they might ultimately obtain on a permanent basis if the litigation succeeds; it is not an invitation for the Court to grant relief that is entirely orthogonal to the substantive claims asserted in the action, simply because such relief is convenient or desirable to a movant. Admittedly, Ms. Saunders-Velez's most recent *pro se* "Memorandum" filing suggests that she was contemplating amending her complaint to assert what could be considered an 8th Amendment claim for failure to protect her from assaults from her fellow inmates. If such a claim were at issue in this suit, the Court might be willing to say that the provisional relief Ms. Saunders-Velez seeks – a reassignment of her housing location – is relief that would be available to her on the merits. But, as yet, Ms. Saunders-Velez has not moved to make such an amendment, nor has the Court granted such. Accordingly, the Court cannot say that Ms. Saunders-Velez has demonstrated a likelihood of success on the merits of any claim that would entitle her to relief in the form she seeks.

More importantly, the Court also finds that Ms. Saunders-Velez has not adequately alleged that she is likely to suffer an imminent, irreparable harm. In this regard, the Court pauses to attempt to identify the specific harm(s) contemplated by Ms. Saunders-Velez's motion.

---

[5] The Court is particularly mindful of that fact that Ms. Saunders-Velez's current predicament is the result of a disciplinary conviction. Courts must afford prison officials appropriate deference and flexibility in deciding how to manage matters of inmate discipline and security. *Sandin v. Conner*, 515 U.S. 472, 482 (1995). It is not clear whether Ms. Saunders-Velez is reluctant to serve her disciplinary sentence in <u>any</u> "punishment pod," or whether her concerns are limited to the unique aspects of the one in Cell House 3, but in either event, the Court is reluctant to substitute its judgment for the Defendants' in deciding how best to address Ms. Saunders-Velez's adjudicated misconduct.

Certainly, the most concerning harm would be Ms. Saunders-Velez suffering a physical assault of some kind from a fellow inmate due to her placement in the punishment pod. The motion is somewhat oblique on the likelihood of this occurring. It alleges that Ms. Saunders-Velez did indeed suffer a physical assault by another inmate in December 2017, but does not identify the perpetrator, much less state that the perpetrator is presently housed in the punishment pod. (Indeed, a fair reading of the motion suggests that the assault occurred after Ms. Saunders-Velez was transferred out of Cell House 3 entirely, and was residing in Cell House 7 – presumably, the housing assignment to which she would return if the injunction she seeks were granted.) Ms. Saunders-Velez has identified at least one <u>actual</u> resident of the punishment pod that she fears (and three other <u>potential</u> residents), but it is not clear that this resident is one who has "threatened her with sexual assault" or whether he has simply "requested sexual favors from her." The motion lumps both actions together with an indecisive conjunction, but the two actions are not necessarily equivalents, and the latter does not inherently convey a threat of physical harm to Ms. Saunders-Velez.

Thus, the Court cannot say that Ms. Saunders-Velez has described a set of circumstances where she is genuinely at risk of suffering an imminent physical assault at the hands of a fellow inmate. Even if she had, the Court is given pause by a curious vagueness in her motion. The immediate response a reader might have to Ms. Saunders-Velez's concerns that she might be attacked by a fellow inmate would typically be that "prison staff are there to protect her from such things." Ms. Saunders-Velez's motion elides this concern with the briefest of statements: she states, without elaboration (or, perhaps even personal knowledge) that the punishment pod

6

"has very little supervision by prison staff."[6]  This is simply a conclusory statement, one which, without further details, the Court is unable to meaningfully evaluate. Accordingly, the Court finds that Ms. Saunders-Velez has not made an adequate showing that she is subject to an imminent risk of physical assault by fellow prisoners.

The second category of harm that Ms. Saunders-Velez may be describing is what might be referred to as "embarrassment."  Her motion recites that she desires to shield her use of toilet (and perhaps shower, although the motion is somewhat unclear on this point) facilities from the view of other inmates, and that CDOC had issued her a "privacy screen" to accomplish that goal. However, she states that the privacy screen is ineffective, insofar as fellow inmates have been able to remove it while she is using the bathroom facilities, exposing her.  Although the inmates in her prior housing assignment largely respected her use of the screen, she fears that inmates in the punishment pod will once again attempt to remove it.  The Court does not intend to belittle these concerns by characterizing them as mere embarrassments, but some degree of loss of physical privacy is a harm that is endemic to the incarceration context.  More significantly, the Court cannot say that the fear that inmates in the punishment pod will attempt to remove the privacy screen and view Ms. Saunders-Velez using bathroom facilities is the kind of irreparable harm that would warrant a disfavored, mandatory injunction.

Finally, Ms. Saunders-Velez (or, perhaps more accurately, her counsel) is concerned about the risk of self-harm: that Ms. Saunders-Velez will be so fearful or distraught by virtue of being assigned to the punishment pod that she will engage in some form of self-harm in order to force CDOC to transfer her elsewhere.  Once again, the Court does not seek to minimize these

---

[6]   The Court notes the apparent irony of Ms. Saunders-Velez's implication: that a "punishment pod" – a place where the most incorrigible of inmates are housed – is a portion of the prison that is guarded less effectively than portions of the prison where Ms. Saunders-Velez would prefer to be housed.

7

concerns or to case doubt upon Ms. Saunders-Velez's perilous emotional state.  However, the Court is compelled to note that such concerns are largely vague and conditional: counsel is concerned that Ms. Saunders-Velez <u>might</u> choose to harm herself if she remains in the punishment pod, because she has done so once before.  But the mere possibility that she might take such action is too slender a reed for the Court to grant her the extraordinary relief of a mandatory injunction.  To hold otherwise would be to suggest that inmates may, by virtue of threats of self-harm, dictate their own conditions of confinement.

Accordingly, the Court finds that Ms. Saunders-Velez has failed to make an adequate showing on both the likelihood of success and irreparable harm factors, such that her request for a temporary restraining order **(# 38)** is **DENIED**.

Construing Ms. Saunders-Velez to also request a preliminary injunction seeking the same relief, the Court will attempt to expedite such proceedings.  The Court will hold a non-evidentiary hearing on **Monday, April 23, 2018** at **3:00 p.m.** for the purpose of addressing whether an evidentiary preliminary injunction hearing is necessary and, if necessary, to set such a hearing. The parties shall be prepared to address what pertinent facts are disputed, and to identify the witnesses or evidence they intend to present on any disputed facts, as well as to estimate how much time should be allocated for any evidentiary hearing.  To ensure maximum

time for preparation, counsel for Ms. Saunders-Velez shall e-mail a copy of the *Ex Parte* Motion and supporting affidavit to defense counsel immediately upon receipt of this Order.

Dated this __ day of ___, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge