IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01654-MSK-MJW

SAUNDERS-VELEZ,

Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
TRAVIS TRANI, in his official capacity as Director of Prisons,
MIKE ROMERO, in his official capacity as Colorado Territorial Correctional Facility Warden,
RICK RAEMISCH, in his official capacity as Executive Director of Colorado Department of
Corrections,
RYAN LONG, in his official capacity as Denver Reception and Diagnostic Center
Warden,
KELLIE WASKO, in her official capacity as Deputy Executive Director of Colorado
Department of Corrections,
DENVER RECEPTION AND DIAGNOSTIC CENTER (DRDC), and
THE COLORADO TERRITORIAL CORRECTIONAL FACILITY (CTCF),

Defendants.

## MOTION TO RECONSIDER RULING REGARDING DISCLOSURE OF DOCUMENTS FROM THE INSPECTOR GENERAL

Defendants, through the Colorado Attorney General, hereby submit the following Motion

to Reconsider Ruling Regarding Disclosure of Documents from the Inspector General's Office.

In support thereof, Defendants state as follows:

## CERTIFICATE OF CONSULTATION

Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel has conferred

with counsel for Plaintiff prior the filing of this motion.  Undersigned counsel

represents that Plaintiff objects to the relief sought herein.

1.      On October 2, 2018, a hearing was held, before the Magistrate Judge, on

Plaintiff's Motion to Compel Discovery Responses (Doc. 67).

2.      As part of the Court's order after the hearing on Plaintiff's Motion to Compel, the

Court order that within fourteen days, the Defendants were to provide "any written memos,

notes, conclusions, reports, or other documents with respect to the Plaintiff in the possession fo

the Office of Inspector General…"  Doc. 75.

3.      At the time of the hearing, undersigned counsel did not know whether there

existed any investigations relating to Plaintiff that were closed or open.  Undersigned counsel has

since learned that while there are some investigative files that are closed relating to Plaintiff,

there remains three open and active investigative cases in the Office of Inspector General relating

to Plaintiff.  Defendants are producing to Plaintiff the cases that have been closed however, now

object and request that the Court reconsider its order requiring the disclosure of documents

relating to the three open and active investigative cases relating to Plaintiff.

3.      Discovery in the federal courts is governed by the Federal Rules of Civil

Procedure, regardless of whether federal jurisdiction is based on a federal question or diversity of

citizenship.  *See e.g. Atteberry v. Longmont United Hosp.,* 221 F.R.D. 644, 647 (D. Colo. 2004);

*Fourhorn v. City and County of Denver,*  2009 WL 2407569, 2 (D. Colo. 2009).  Fed. R. Civ P.

26 defines the scope of discovery:

> Parties may obtain discovery regarding any matter, *not privileged,*
> which is relevant to the subject matter involved in the pending
> action.... The information sought need not be admissible at trial if
> the information sought appears reasonably calculated to lead to the
> discovery of admissible evidence.

Federal common law recognizes an "official information" privilege that extends to the

security considerations applicable to prisons. *Cf. Jackson v. Brinker,* 147 F.R.D. 189, 202

(S.D.Ind.1993) (acknowledging the judicial deference due to prison managers in matters of

institutional management); *Thornburg v. Abbott,* 490 U.S. 401, 415 (1989) (stating that the

legitimacy of the goal of protecting prison security is "beyond question"); *Toussaint v.*

*McCarthy,* 801 F.2d 1080, 1104 (9th Cir.1986) ("Courts must accord wide-ranging deference to prison administrators 'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security'"). In accordance with Rule 26, this court may forbid the disclosure or discovery of information, specify terms for the disclosure or discovery, forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed.R.Civ.P. 26(c)(1).

4.       Here, the Court's order would require, in part, the disclosure of all documents relating to three open and active investigative files in the possession of the Inspector General's Office. The disclosure of the information contained within these open and active investigation files would jeopardize the integrity and legitimacy of the investigations. Further, the disclosure of these documents could jeopardize the safety and security of the Plaintiff, other offenders, and the safety and security of the prison staff and prison facility in that it could make public the name of vital witnesses and evidence to the case. It could also make public evidence vital to the investigation that would be rendered irrelevant if the information were to get out to members of the public, even if produced under the guise of a protective order.

5.       Thus, because there are three open and active investigative files within the Inspector General's Office relating to Plaintiff, Defendants request that the Court reconsider its order requiring the disclosure of all files within the Inspector General's Office to exclude these three active investigative cases.

WHEREFORE, Defendants respectfully request this Court to reconsider its order requiring the disclosure of all documents contained in active and open investigative case files to the Plaintiff in the possess of the Inspector General's Office.

Respectfully submitted this 16th day of October, 2018.

<div style="margin-left: 40%">

CYNTHIA H. COFFMAN
Attorney General

s/ Chris W. Alber

CHRIS W. ALBER
Senior Assistant Attorney General
Colorado Department of Law
Civil Litigation and Employment Law Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: (720) 508-6612
Facsimile: (720) 508-6032
Email: chris.alber@coag.gov

</div>

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 16th day of October, 2018 I electronically filed the foregoing Motion

to Reconsider Ruling Regarding Disclosure of Documents from the Inspector General's Office

with the Clerk of Court using the CM/ECF system and/or mailed copies of the foregoing via the

United States mail, postage prepaid, at Denver, Colorado, addressed as follows:

Paula Greisen                                          *Courtesy Copy To*:
Meredith A. Munro                                      Adrienne Jacobson, CDOC
King & Greisen, LLP
1670 York Street
Denver, CO 80206
greisen@kinggreisen.com
munro@kinggreisen.com

Lynly Egyes
Transgender Law Center-Brooklyn
594 Dean Street, Suit 47
Brooklyn, NY 11238
lynly@transgenderlawcenter.org

Shawn Thomas Meerkamper
Transgender Law Center
P.O. Box 70976
Oakland, CA 94621
shawn@transgenerlawcenter.org


*Counsel for Plaintiff*

s/ Chris W. Alber