**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  17-cv-01654-MSK-NRN

SAUNDERS-VELEZ,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS (CDOC),
TRAVIS TRANI, in his official capacity as Director of Prisons,
MIKE ROMERO, in his official and individual capacities as Colorado Territorial Correctional Facility Warden,  RICK RAEMISCH, in his official capacity as Executive Director of Colorado Department of  Corrections,
RYAN LONG, in his official capacity as Denver Reception and Diagnostic Center Warden,
KELLIE WASKO, in her official capacity as Deputy Executive Director of Colorado Department of Corrections,
DENVER RECEPTION AND DIAGNOSTIC CENTER (DRDC), and
THE COLORADO TERRITORIAL CORRECTIONAL FACILITY (CTCF),

    Defendants.

---

**PLAINTIFF'S MOTION FOR AN EXPEDITED TRIAL**

---

Plaintiff Lindsay Saunders-Velez, through her attorneys, Paula Greisen and Meredith Munro of the law firm KING & GREISEN, LLP, and Lynly S. Egyes and Shawn Thomas Meerkamper of TRANSGENDER LAW CENTER, respectfully requests an expedited trial in this matter pursuant to Fed. R. Civ. P. Rule 16(c)(2)(P), Fed. R. Civ. P. Rule 40, and D.C. Colo. L. Civ. R 40.1**,** in the interest of justice, and if necessary, modify the scheduling order pursuant to Fed. R. Civ. P. Rule16 (b)(4), and in support thereof states as follows:

## I.     INTRODUCTION

This is a civil rights action alleging that Defendants, Colorado Department of Corrections and officers thereof (hereinafter collectively "CDOC"), have violated the rights of Plaintiff Lindsay Saunders-Velez, a 20-year-old incarcerated transgender woman in CDOC's care. CDOC refuses to treat Ms. Saunders-Velez as the young woman she is, including by housing her with men in blatant disregard for her safety, subjecting her to unnecessary and demeaning strip searches conducted by male guards, refusing to refer to her as a woman, and refusing to allow her access to the clothing and personal items it allows to other women.

Since initiating this lawsuit, Ms. Saunders-Velez has been the victim of repeated sexual violence, as well as a harassment and intimidation campaign undertaken by CDOC employees.

## II.    RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff filed her complaint *pro se* on July 7, 2017 [Doc. 1], raising issues related to being exclusively searched by male guards, being denied access to clothing and personal items CDOC allows to other incarcerated women, and the failure to adequately treat her gender dysphoria. Plaintiff filed an Amended Complaint on August 7, 2017 [Doc. 5]. On January 19, 2018, Plaintiff, still unrepresented, filed a document with the Court entitled "Memorandum" [Doc. 25], in which she informed the Court of her first sexual assault at Colorado Territorial Correctional Facility, announced that she intended to challenge her assignment to a men's prison despite the obvious risks thereof, and detailed her prior attempts to raise this issue with CDOC.

Subsequently, Plaintiff retained counsel from the law firm of King & Greisen, LLP, who entered their appearances on April 19, 2018 and filed Plaintiff's Second Amended Complaint May 30, 2018 [Doc. 51]. Plaintiff's Second Amended Complaint brings § 1983 claims under the

Fourth and Eighth Amendments. Co-counsel for Plaintiff, Lynly S. Egyes and Shawn Thomas Meerkamper of Transgender Law Center, entered their appearances on August 20, 2018.

On November 6, 2018 Plaintiff filed a third amended complaint adding a claim pursuant to 42 USC § 1985(2) against Defendants based upon events that occurred subsequent to her amended complaint, for interfering with her civil rights by attempting to intimidate her for the purpose of coercing her to abandon the instant suit.

The parties are currently in discovery. On September 10, 2018 Plaintiff filed a motion to compel discovery responses [Doc. 67]. Pursuant to the Court's scheduling order [Doc. 64] the parties have exchanged expert witnesses and initial disclosures. Although there have been substantial delays by the Defendants in providing discovery, undersigned counsel believes that all essential depositions have been conducted and is ready to proceed to trial.

According to CDOC's website, Plaintiff's next parole hearing date will be scheduled during January 2019. [*See* Offender Search, annexed hereto as Exhibit 1].[1] Based on conversations between the undersigned counsel and defense counsel, it is clear that the Defendants are planning on arguing that Plaintiff's claims for violations of her Eighth and Fourth Amendments of the U. S. Constitution would become moot if she is paroled at that time. Not surprisingly, undersigned counsel does not concede that a granting of parole would moot these issues. Nevertheless, because Plaintiff is asserting important constitutional rights and the issue presented include matters of substantial public importance, Plaintiff now seeks an order to set a trial as soon as possible in the interest of justice.

---

[1] Available at: https://www.doc.state.co.us/oss/

### III. ARGUMENT

A. **Pursuant to Court's Inherent Power To Manage Their Cases For Efficient Use Of Judicial Resources, And In The Interest Of Justice The Court Should Set an Expedited Trial Date**

Federal District courts "possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962); see also *United States v. Hudson,* 7 Cranch 32, 34, 3 L.Ed. 259 (1812)." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891, 195 L. Ed. 2d 161 (2016). Such power is permissible "as long as the action is a reasonable response to a specific problem and does not contradict any express rule or statute." *Estate of Strong v. City of Northglenn, Colorado,* No. 17-CV-1276-WJM-MEH, 2018 WL 3126099, at 4 (D. Colo. June 26, 2018) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016)).

The United States Supreme Court has repeatedly reinforced this judicial authority in a variety of circumstances. *See, e.g., Dietz v. Bouldin*, 136 S. Ct. 1885 (2016) (district court may rescind its jury discharge post-verdict and recall it in civil cases where the jury has not been tainted); *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (district court has inherent power to stay proceedings pending resolution of parallel actions in other courts); *Link,* 370 U.S. at 631–632 (district court has inherent power to dismiss case *sua sponte* for failure to prosecute); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (district court has inherent power to vacate judgment procured by fraud); *United States v. Morgan,* 307 U.S. 183 (1939) (district court has inherent power to stay disbursement of funds until revised payments are finally adjudicated).

The development and revision of Federal Rules of Civil Procedure, likewise, reflect this inherent power to expedite cases moving forward. Fed. R. Civ. P. Rule 1 mandates that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. Rule 1. In 1983, Fed. R. Civ. P. Rule 16 was dramatically expanded, both to reflect the emerging case management philosophy to minimize cost and delay and to provide a secure rules-based foundation for active case management practices. *See* Fed. R. Civ. P. 16 advisory committee's note (1983). Today, Rule 16 provides Courts multiple tools to manage cases including scheduling the deadlines and scope of discovery, utilizing special procedures for complex cases, disposing of motions, amending pleadings, and "tak[ing] appropriate action" as to any matter that may "in other ways facilitate the just, speedy, and inexpensive disposition of the case." Fed. R. Civ. P. Rule 16(c)(2); *Monod v. Futura, Inc.*, 415 F.2d 1170, 1173 (10th Cir. 1969).

In this instant case, it is clear that Defendants will argue that Plaintiff Fourth and Eighth Amendment claims will be moot if the current scheduling order [Doc. 64] which includes a discovery cut off of January 31, 2019, is not modified. Plaintiff's next parole hearing is scheduled to be held in January 2019. *See* Exhibit 1.

Plaintiff can be ready for trial as soon as it is ordered by this Court. Ordering an expedited trial date is not only a "reasonable response" to the specific problem Plaintiff now faces (and in accordance with the guidance of the 10th Circuit in *Estate of Strong v. City of Northglenn, Colorado*), but the obvious solution. Setting a prompt trial date would prevent wasting the resources and time already invested in the instant litigation. More importantly, it would allow Plaintiff an opportunity to resolve her important Constitutional claims on the merits

pursuant to Fed. R. Civ. P. Rule 40 and D.C. Colo. L. Civ. R 40.1 which permit the Court to prioritize cases for equitable reasons in accordance with law.

**B.      The Court Should Modify the Scheduling Order because Plaintiff has shown Good Cause for an Expedited Trial Date**

Fed. R. Civ. P. Rule 16(b)(4) permits the Courts to modify a scheduling order when good cause is shown. The "good cause" standard requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Perez v. Denver Fire Dep't*, 243 F. Supp. 3d 1186, 1199 (D. Colo. 2017), *aff'd,* 724 F. App'x 646 (10th Cir. 2018). The majority of case law addresses such motions in the event that parties are unable to meet scheduled deadlines. It stands to reason that because Fed. R. Civ. P. Rule 16(b)(4) allows modification of a scheduling order if "good cause" is shown, this power includes the ability to modify the scheduling order to include expediting a trial.

In the instant case, good cause exists to warrant an expedited trial. Plaintiff has diligently litigated her claims and promptly pursued discovery and sought the same from Defendants through her motion to compel discovery. Plaintiff has completed all essential depositions. Despite her good faith efforts to litigate her claims swiftly, Plaintiff may be unable to pursue her Constitutional claims if the scheduling order is not modified to permit an expedited trial. As the circumstances that risk mooting her constitutional claims absent a modification are out of Plaintiff's control, she has shown good cause to do so to permit an expedited trial.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)

Undersigned counsel discussed this motion with Mr. Alber who stated that Defendants would oppose this motion because an expedited trial was "not necessary."

## IV.     CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court grant this motion, and order an expedited trial date, pursuant to Fed. R. Civ. P. Rule 16(c)(2)(P), Fed. R. Civ. P. Rule 40 and D.C. Colo. L. Civ. R 40.1, in the interest of justice, and if necessary, modify the scheduling order pursuant to Fed. R. Civ. P. Rule16 (b)(4).

Respectfully submitted this 7th day of December 2018.

                                          Respectfully submitted,

                                          *s/ Paula Greisen*
                                          Paula Greisen
                                          Meredith A. Munro
                                          KING & GREISEN, LLP
                                          1670 York Street
                                          Denver, Colorado 80206
                                          (303) 298-9878 telephone
                                          greisen@kinggreisen.com
                                          munro@kinggreisen.com

                                          Shawn Thomas Meerkamper
                                          Transgender Law Center
                                          P.O. Box 70976
                                          Oakland, CA  94612
                                          (510) 587-9696
                                          shawn@transgenderlawcenter.org

                                          Lynly S. Egyes
                                          Transgender Law Center
                                          594 Dean Street, Suite 47
                                          Brooklyn, NY  11238
                                          (973) 454-6325 telephone
                                          lynly@transgenderlawcenter.org

                                          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7th day of December 2018, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR AN EXPEDITED TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Chris W. Alber
Colorado Department of Law
Civil Litigation and Employment Law Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
Chris.Alber@state.co.us

Jack D. Patten, III
Colorado Department of Law
Civil Litigation and Employment Law Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO  80203
Jack.Patten@coag.gov

*Counsel for Defendants*

                                            *s/ Laurie A. Mool*
                                            Paralegal, King & Greisen, LLP